**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spirit Master Funding X LLC, | No. CV-18-00957-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| BCB Holdings Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendants BCB Holdings, Incorporated ("BCB"), Nicholas Domenico, and Frank DeHoff's Motion to Transfer Venue to the United States District Court for the District of Colorado (Doc. 25), which is fully briefed. For the following reasons, the motion is denied.[1]

**I. Background**

Plaintiff Spirit Master Funding X LLC ("Spirit Master") as landlord and BCB as tenant entered into a written lease for certain property located in Denver, Colorado. The lease contained a forum-selection provision that reads, in relevant part:

> For purposes of any action or proceeding arising out of this Lease, the parties hereto expressly submit to the jurisdiction of all federal and state courts located in the City and County of Denver, State of Colorado. . . . Furthermore, Tenant waives and agrees not to assert in any such action, suit or proceeding

---
[1] Defendants' request for oral argument is denied because the issues are adequately briefed and oral argument will not assist the Court in resolving the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

> that it is not personally subject to the jurisdiction of such courts, that the action, suit or proceeding is brought in an inconvenient forum or that venue of the action, suit or proceeding is improper. Nothing contained in this Section shall limit or restrict the right of Landlord to commence any proceeding in the federal or state courts located in the State of Arizona to the extent Landlord deems such proceeding necessary or advisable to exercise remedies available under this Lease. . . .

Domenico and DeHoff executed a guaranty, under which they guaranteed certain performance of BCB under the lease. The guaranty includes the following "Governing Law" provision:

> This Guaranty is delivered in the State of Arizona . . . . For purposes of any action or proceeding involving this Guaranty, Guarantor submits to the jurisdiction of all federal and state courts located in the State of Arizona . . . . Guarantor waives and agrees not to assert in any such action, suit or proceeding that Guarantor is not personally subject to the jurisdiction of such courts, that the action, suit or proceeding is brought in an inconvenient forum or that venue of the action, suit or proceeding is improper.

Spirit Master alleges that Defendants are in breach of the lease and guaranty by failing to make payments. Defendants admit in their answer to the complaint that Plaintiff is entitled to recover damages from BCB because of the alleged breach, and Domenico and DeHoff admit the existence of the guaranty. Defendants also raise as an affirmative defense Spirit Master's alleged failure to mitigate its damages.

Defendants have moved to transfer this matter to the District of Colorado pursuant to 28 U.S.C. § 1404(a), arguing that the factual issues in the case will involve the lease, the property, and Denver-based mitigation efforts. Spirit Master's response indicates that the only witnesses likely to be called at trial are parties to the litigation or expert witnesses.

**II. Legal Standard**

The court, for the convenience of the parties and witnesses, and in the interests of justice, may transfer a civil action to any district in which the case originally could have been brought. 28 U.S.C. § 1404(a). In determining whether a transfer of venue is

appropriate under this section, the court must make two findings: (1) the transferee court is one in which the case could have been brought and (2) the convenience of the parties and witnesses and the interests of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). The movant bears the burden of showing that a transfer is warranted. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

**III. Discussion**

The parties agree that this case could have been brought in the District of Colorado. They disagree over the impact of the forum-selection provisions in the lease and guaranty, and over whether the District of Colorado is a more convenient forum.

When determining whether the convenience of the parties and witnesses favor a transfer, a court ordinarily weighs multiple factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013), however, the Supreme Court held that the calculus changes when the parties have agreed to a contract containing a valid forum-selection clause. In such circumstances, "'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Atlantic*, 571 U.S. at 63 (quoting *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). The Supreme Court explained that a forum-selection clause requires district courts to adjust their usual §1404(a) analysis in three ways: (1) the plaintiff's choice of forum merits no weight, (2) courts should not consider arguments about the parties' private interests, but may

- 3 -

consider public-interest factors,[2] and (3) when a party files suit in a different forum than agreed to in the forum-selection clause, a §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules. *Id.* at 63-64

At least with respect to Domenico and DeHoff, *Atlantic* answers the motion to transfer venue. The guaranty includes a valid forum-selection clause that requires submission to Arizona courts, and under which Domenico and DeHoff waived their right to assert that the suit or proceeding is brought in an inconvenient forum. Defendants' arguments in favor of a transfer of venue rest on the parties' private interests; Defendants do not argue that any public-interest factors favor transfer. The forum-selection clause therefore controls with respect to Spirit Master's claims against Domenico and DeHoff.

Whether *Atlantic* compels a similar result with respect to BCB is a thornier question. The lease's forum-selection clause gives Spirit Master the choice of a Colorado or Arizona forum, but arguably precludes BCB from challenging the convenience of the forum only if Spirit Master initiates the suit in Colorado. The Court, however, does not need to decide whether BCB's waiver extends to cases initiated in Arizona because BCB has not shown that the enumerated convenience factors weigh in favor of a transfer.

The first factor is neutral. Although its principle place of business is now Texas, Spirit Master's principle place of business was in Arizona when the contracts were negotiated and executed. But the Court finds that this factor is of little importance. The location where the contracts were negotiated and executed might inform the analysis of other factors—for example, the parties' contacts with the forum and the ease of access to proof—but it is not clear from the information offered by the parties what independent significance, if any, this factor has that would make Arizona a more or less convenient forum.

The second factor—the state that is most familiar with the governing law—also is

---

[2] "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is conceivable in a particular case that the district court would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause, such cases will not be common." *Atlantic*, 571 U.S. at 64 (internal quotations and citation omitted).

neutral.  Neither party argues or points the Court to differences in the law of the two states that would impact the decision in this case.  Moreover, federal courts routinely are tasked with applying the laws of other states.  There is no reason to believe the District of Colorado is less equipped to apply Arizona law, if it is applicable, or vice versa.

The third factor weighs against a transfer of venue.  The lease gives Spirit Master the right to litigate in Arizona, and it chose to litigate here.  "Courts do not lightly disturb a plaintiff's choice of forum."  *Sidi Spaces LLC v. CGS Premier Inc.*, No. CV16-01670-PHX-DGC, 2016 WL 3654306, at *2 (D. Ariz. July 6, 2016).  The very fact that Congress created a mechanism for transferring venue, however, demonstrates that this factor cannot, alone, be determinative.

The fourth and fifth factors pertain to the parties' contacts with the forum, generally and in connection with the specific cause of action.  None of the parties have substantial contacts with Arizona.  Even Spirit Master, whose principle place of business had been in Arizona, has since moved to Texas.  The lack of contact with Arizona, by any party, weighs in favor of a transfer.

The sixth through eighth factors pertain to costs and availability of witnesses and evidence. "The convenience of witnesses is often the most important factor in determining whether a transfer . . . is appropriate." *Double J Inv., LLC v. Automation Control and Info. Sys. Corp.*, No. CV-13-00773-PHX-SRB, 2013 WL 12237668, at *7 (D. Ariz. July 9, 2013) (internal quotation and citation omitted).  Spirit Master contends that there are no witnesses who cannot be compelled to appear in Arizona because there are no Colorado-resident fact witnesses and all witnesses will be either experts or parties to the case.  BCB, on the other hand, argues that its failure-to-mitigate-damages affirmative defense will require the testimony of real estate agents selling the properties, prospective tenants, evicted tenants, potential purchasers, real estate agents previously involved in leasing the properties, and witnesses knowledgeable of BCB's performance under the lease.

The Court finds that this factor is either neutral or weighs minimally in favor of

transfer. Other than real estate agents involved in efforts to sell or lease the properties, there is no indication that any of these other potential witnesses exist. With regard to BCB's performance under the lease, it is not disputed that it did not pay its rent. Even if there were issues as to its performance, the witnesses to address that issue likely are the parties to the lease agreement, who are parties to this suit. Moreover, consideration of this factor is complicated by the fact that Domenico and DeHoff have contractually agreed to submit to Arizona's courts and to waive convenience-based venue objections. It certainly would not be cost-effective or convenient to force Spirit Master to litigate claims against the tenant in a different forum than its claims against the guarantors.

On balance, the Court finds that the convenience factors do not weigh in favor of a transferring venue. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Transfer Venue to the United States District Court for the District of Colorado (Doc. 25) is **DENIED**.

Dated this 5th day of September, 2018.

Douglas L. Rayes
United States District Judge