WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spirit Master Funding X LLC, | No. CV-18-00957-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| BCB Holdings Incorporated, et al., | |
| Defendants. | |

    This action concerns Defendants' breach of a commercial lease and related guaranties. The Court previously granted summary judgment for Plaintiff. (Docs. 68, 70.) Plaintiff had requested that the Court include in the total damages award its reasonable attorneys' fees and costs pursuant to fee-shifting provisions in the lease and guaranties, but Defendants opposed the request—not because of a disagreement over the applicability of the fee-shifting provisions or over the reasonableness of the fees and costs sought, but because Defendants believed Plaintiff's request should be made in a separate fee motion pursuant to Local Rule of Civil Procedure ("LRCiv") 54.2. After noting some ambiguity about whether such fees and costs may be considered an element of damages (and therefore exempt from LRCiv 54.2), the Court declined to award Plaintiff its fees and costs at summary judgment and instead directed Plaintiff to file a separate, LRCiv 54.2-compliant application.

    On May 22, 2020, Plaintiff filed an application for attorney's fees and costs pursuant

to LRCiv 54.2. (Docs. 72-73.) Plaintiff seeks attorneys' fees in the amount of $288,435.50 and non-taxable costs in the amount of $22,376.20. Although they previously insisted that Plaintiff file this separate application, Defendants chose not to respond to it. The Court may deem Defendants' failure to respond as a consent to the granting of the motion. LRCiv 7.2(i). Nonetheless, the Court has reviewed Plaintiff's application and finds it well-taken.

Plaintiff is entitled to recover its attorneys' fees and costs pursuant to the fee-shifting provisions in the lease and guaranties. (Doc. 73 at 4.) When attorneys' fees are sought pursuant to a contractual provision, a fee award must be supported by proof of what is reasonable. *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931 (Ariz. Ct. App. 1983). "A fee award calculated by a lodestar method—multiplying a reasonable hourly rate by the number of hours expended—is presumptively reasonable." *Flood Control Dist. of Maricopa Cty. v. Paloma Inv. Ltd. P'ship*, 279 P.3d 1191, 1212 (Ariz. Ct. App. 2012). "[I]n corporate and commercial litigation between feepaying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Schweiger*, 673 P.2d at 931-32. However, "upon the presentation of an opposing affidavit setting forth the reasons why the hourly billing rate is unreasonable, the court may utilize a lesser rate." *Id.* at 932.

Once the prevailing party makes a *prima facie* case that the fees requested are reasonable, the burden shifts to the party opposing the fee request to establish that the amount requested is clearly excessive. If that party fails to make such a showing of unreasonableness, the prevailing party is entitled to full payment of the fees. If, however, the party opposing the award shows that the otherwise *prima facie* reasonable fee request is excessive, the Court has discretion to reduce the fees to a reasonable level. *Geller v. Lesk*, 285 P.3d 972, 976 (Ariz. Ct. App. 2012).

Here, Plaintiff has met its *prima facie* burden by submitting detailed, task-based itemizations of the fees and costs incurred prosecuting this action. The burden therefore shifts to Defendants to present specific objections to the reasonableness of the fees and

costs requested. Defendants, by failing to respond, have not done so.[1] Accordingly,

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees and non-taxable costs (Docs. 72-73) is **GRANTED**. Plaintiff is awarded attorneys' fees in the amount of $288,435.50 and non-taxable costs in the amount of $22,376.20.

Dated this 26th day of June, 2020.

Douglas L. Rayes
United States District Judge

---

[1] Notably, the parties consulted before Plaintiff filed its motion in an effort to resolve the attorneys' fees and costs issues without Court intervention. According to Plaintiff, "the parties were unable to reach any agreement on the amount of attorneys' fees to which Spirit is entitled." (Doc. 73-14.) This is surprising, given that whatever objections Defendants might have had during this consultation, they did not raise with the Court through a responsive pleading.